Ezekiel E. Cortez (SBN 112808)
Law Office of Ezekiel E. Cortez
402 West Broadway, Suite 1815
San Diego, CA 92101
T: (619) 237-0309 | F: (619) 237-8052
lawforjustice@gmail.com

Attorney for Defendant, Zhiyi Zhang (18)

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (THE HONORABLE JUDGE BARBARA L. MAJOR)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-CR-1765-TWR |
| Plaintiff, | **ZHANG'S REPLY TO GOVERNMENT'S SUPPLEMENTAL FOR DETENTION.** |
| v. | |
| ZHIYI ZHANG (18), | **Date: 9-2-25** |
| Defendant. | **Time: 09:30 am** |

## DEFENDANT'S REPLY TO GOVERNMENT SUPPLEMENTAL[1]

### *Introduction*

In the Government's 16-page Supplemental [sic] Brief in Support of Its Motion to Detain Based on Serious Risk of Flight and Danger to the Community (Supplemental), there are several materially incorrect claims intended to convince this Court to deny bail for Mr. Zhan. These incorrect arguments follow:

---

[1] Mindful of the filing of this Reply the day before the hearing, the undersigned will cover all the contents of this Reply to save the Court from last-minute reading. The undersigned was engaged from Thursday and over the weekend moving office space.

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELCORTEZ.COM

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

1. "Zhang is not a current resident *in the Southern District of California*. In fact, on the date of his arrest, he was arrested at Los Angeles International Airport."
Emphasis added… Yes, this is misleadingly accurate.
But the Government then argues incorrectly "Zhang's frequent travel throughout the United States, *demonstrates he is not tethered to any particular district either."* This is conclusion is false.

Contrary to the Government's argument, Mr. Zhang has *deep and extensive ties to the Central District of California*, where his Grandparents, mother, and brother live. The Cour has witnessed his family attending each court hearing so far. *See* page 1, Pretrial Services Report, where it is noted:
"The defendant indicated he has lived in Walnut, California (Los Angeles County) for *one year* and has also lived in Gardena, California *for seven years*." Emphasis added.
A total of eight years *continuous residence* in the Central District of California. In fact, Zhang is indeed tethered solidly to the Central District.

2. "Zhang does not have any criminal history…." This is also inaccurate. He has a DUI noted in Pretrial Services Report, page 2. Where it is also noted: "12/19/2024 DISPO: CONVICTION *RELIEF GRANTED PER 1203.425 PC*." Emphasis added.

3. "Record Concerning Appearance at Court Proceedings and on Probation, Parole, or Other Release: Zhang has not been on probation, parole or other release. *He therefore does not have any history while on bond*. This factor therefore should be treated as neutral."

This Government claim too is inaccurate. See, 3 above. Zhang indeed has been "on probation, parole or other release."
Page 2 of the Pretrial Report expressly notes:
"08/15/2019 CTS.1-2 DIMISSED CT.3 CONVICTED MISD, *36 MONTHS PROB*, FINE." Emphasis added. Probation that Zhang successfully completed.

At the outset, Mr. Zhang invokes the Bail Reform Act's 1984 (BRA) 18 U.S. Code

§ 3145(d), *presumption for pretrial release on bail*, noted by Justice Rehnquist in *United*

*States v. Salerno*, 481 U.S. 739, 755 (1987) when he expressly held of detention.:

*In our society liberty is the norm*, and detention prior to trial or

2

without trial ***is the carefully limited exception***. We hold that the provisions for pretrial detention in the Bail Reform Act of 1984 fall within that carefully limited exception.

Emphasis added.

Defendant Zhiyi Zhang respectfully moves this Court to deny the Government's detention request. This is so because the Government's "Supplemental" Authorities in Support of its detention motion missed the mark by a long shot because it is riddled with inaccurate factual claims. The Government's "Supplemental" also misleadingly failed to critically consider controlling 9th Circuit authority favorable to Mr. Zhang.

The BRA presumes release on bail. The Act allows detention *only* where the Government proves that no condition or combination of conditions will *reasonably* assure appearance or community safety. The Government's "Supplemental" failes to make that showing. Instead, the Government has oddly cited and relied upon inapplicable compassionate release law, stretched narrow holdings far beyond their reach, and substantively ignored the controlling principles that the Supreme Court and Ninth Circuit have emphasized: pretrial detention is the carefully limited exception, not the rule.

The Government's "Supplement" palpably improperly misrepresented that Mr. Zhang lacks community ties while deflecting the reality that his mother, grandparents, and brother were physically present in court to support him. When the record is corrected and the proper legal standards applied, reasonable bail conditions exist to assure Mr. Zhang's appearance and the safety of the community. Detention is unjustified.

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELCORTEZ.COM

*Zhang's Reply to Government's Supplemental for Detention,*
United States v. Zhiyi Zhang (18), No. 25-CR-1765-TWR

1
2

**I. THE GOVERNMENT'S "FACTUAL" CLAIMS ARE MATERIALLY INCOMPLETE AND MISLEADING.**

3

The Government's Supplemental Brief claims that Mr. Zhang's "substantial

4

foreign family ties" somehow outweigh his identified family ties to the United States.

5

That claim is demonstrably false. Mr. Zhang's mother, grandparents, and brother live in

6

7

the central District of California and attended his detention hearing in person. Each has

8

offered to be a surety and to provide a stable residence.

9
10

18 U.S.C. § Section 3142(g)(3)(A) requires courts to consider a defendant's

11

"character, physical and mental condition, family ties, employment, [and] length of

12

13

residence in the community." The Government ignored this showing and instead

14

advanced a narrative of transience unsupported by the record. Unlike the defendants

15

in *United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990), who had no family,

16

17

employment, or property in the United States, Mr. Zhang is deeply tied to this District.

18

*Townsend* is but one of the various controlling cases ignored by the Government in its

19

questionable exuberance to detain Mr. Zhang.

20
21

In *Townsend,* the court quoted *United States v. Motamedi*, 767 F.2d 1403 (9th Cir.

22

1985) as follows:

23

24

> In *Motamedi* itself, having set out [the BRA's] controlling guidelines, ***we reversed the district court and found that the government had failed to show by a clear preponderance of the evidence that Motamedi was a flight risk***. In reaching this conclusion, we noted that ***he had been living in the Los Angeles area***, where he was indicted, ***for nine yea****rs; that he had applied

25

26

27

28

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

1  for citizenship; that he had approximately 85 relatives in the Los
2  Angeles area, including his wife, parents and brothers; that he
3  offered evidence disputing the government's allegation that he
   could return to Iran; that his parents had posted their residence in
4  Los Angeles as security on a $ 750,000 bond; that he had no prior
5  criminal record and no history of alcohol or drug abuse; and that
   he had known of the government's investigation since January
6  1984 and had nonetheless not fled the country.

7  *Motamedi* at 994, emphasis added. Importantly, the facts found by the 9th Circuit that

8  mandated release on bail in Motamedi are analogous to those for Mr. Zhang.

9

10      And, reversing the district court's order of detention in *Motamedi*, the court made

11  this helpful observation:

12      With all due respect for the district court's determinations, our
13      independent review leads us to a contrary conclusion. It is apparent
        from the record below that **the district court accorded great**
14      **weight to the charges against Motamedi and the Government's**
15      **assertions of his guilt.** Our court has stated, however, that the
        weight of the evidence is the least important of the various factors.
16      [Citation omitted] **Although the statute permits the court to**
        **consider the nature of the offense and the evidence of guilt, the**
17      **statute neither requires nor permits a pretrial determination that**
18      **the person is guilty**.

19
20  *Id.* at 1408, emphasis added. Tellingly, the Government cited to *Motamedi* only for the

21  general proposition that:

22      The government must establish the risk of flight by a
23      "preponderance of the evidence" and must demonstrate that there
        is no condition, or combination of conditions, that would
24      reasonably assure defendant's appearance at future proceedings if
25      he is released on bond.

26
27  *Id.* at 1406-07. But the Government tellingly ignored the analogous facts leading the

28

*Zhang's Reply to Government's Supplemental for Detention,*
United States v. Zhiyi Zhang (18), No. 25-CR-1765-TWR

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELCORTEZ.COM

*Motamedi* court to reverse the district court's detention order there.

In its "Supplemental" Brief, the Government dedicated a majority of its Brief - page 2 to 11 - sensationalizing the nature and extent of the crimes and evidence. These are the least of the factors under the BRA.

In *United States v. Fernandez-Alfonso*, 813 F.2d 1571 (9th Cir. 1987), the Ninth Circuit observed of the BRA:

> The Act's procedural safeguards serve the important purpose of protecting the liberty interests of **presumably innocent pretrial detainees.** *United States v. Al-Azzawy*, 768 F.2d 1141, 1145 (9th Cir. 1985). In enacting the provisions for pretrial detention under the Act, "Congress recognized the severe deprivation of the liberty **of one not yet proven guilty**, and therefore **presumed innocent**, who is detained prior to trial. As a result of this recognition, it took great care to set up adequate procedural safeguards so as to guarantee fairness to those against whom pretrial detention is sought." *United States v. Hurtado*, 779 F.2d 1467, 1484 (11th Cir. 1985) (Clark, J., concurring in part and dissenting in part).

*Id.*, at 1572, emphasis added.

Moreover, contrary to the Government's incorrect argument, Mr. Zhang indeed has a prior history of abiding by a court's order to appear in court, as noted in the Pretrial Services Report. The record noted in the Pretrial Services Report shows that when previously charged with a misdemeanor DUI, Mr. Zhang *successfully* complied with all court-ordered conditions, completed his obligations, and closed that matter with relief provided by California PC 1203.425.

The Government's detention request, premised in large part on the Government's

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELCORTEZ.COM

1  mischaracterization of family support and failure to acknowledge prior compliance with

2  court supervision, cannot stand. When the facts are considered, Mr. Zhang's history and

3  characteristics strongly support release.

4

5  **II. THE GOVERNMENT MISAPPLIES THE BAIL REFORM ACT AND IGNORES CONTROLLING LAW.**

6

7      The BRA commands that "[t]he judicial officer ***shall*** order the pretrial release of

8  the person" (emphasis added) unless the Government proves otherwise. 18 U.S.C. §

9  3142(b). Pretrial detention is permitted only if "no condition or combination of conditions

10 will reasonably assure the appearance of the person … and the safety of any other person

11 and the community." Id. § 3142(e)(1). The Government bears the burden of proving flight

12 risk by a preponderance of the evidence and dangerousness by clear and convincing

13 evidence. *Motamedi* at 1406; *see also, United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir.

14 2008). Controlling precedent's substantive facts oddly ignored by the Government.

15

16     The Government's hastily drafted brief improperly tried to reverse the BRA's

17 presumption, treating detention as it if were the norm. It over emphasized the seriousness

18 of the charges and alleged "weight of the evidence." This, despite the Ninth Circuit's

19 warning that "[t]he weight of the evidence is the least important of the various

20 factors." *Motamedi*, 767 F.2d at 1408. This is because the presumption of innocence

21 attaches, and the BRA is not a proxy sentencing proceeding. Serious allegations alone

22 cannot overcome *the presumption of release*.

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELCORTEZ.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Law Office of Ezekiel E. Cortez
WWW.EZEKIELCORTEZ.COM

## III. "ECONOMIC DANGER" IS NOT A BASIS FOR AUTOMATIC DETENTION.

The Government further claims that alleged financial fraud constitutes "danger to the community" sufficient for detention, citing *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992). That reliance is misplaced. Reynolds involved a defendant convicted of stealing checks from elderly victims, and the court held that the conduct in that fact-specific case supported detention under the unique facts presented. *Id.* at 192–93. Reynolds did not create a categorical rule that all fraud or economic offenses equate to "danger to the community" under § 3142.

Courts have consistently rejected attempts to expand Reynolds in this way. The BRA's danger prong is typically concerned with threats of violence or obstruction. See *Salerno*, 481 U.S. at 751–52 (upholding preventive detention where Congress specifically identified crimes of violence, terrorism, and drug trafficking as paradigmatic dangers). Converting every financial crime into a *per se* danger case would eviscerate the BRA's *presumption* of liberty.

## IV. REASONABLE CONDITIONS EXIST TO ASSURE APPEARANCE AND SAFETY.

Even if the Court would credit some of the Government's concerns, conditions of release nevertheless exist that will reasonably assure Zhang's appearance and community safety. Mr. Zhang is prepared to live with his immediate family in the Central District of California. He will comply with home confinement enforced by GPS monitoring, and

8

1  limit his travel to the Central and Southern Districts, absent Court approval. He is willing

2  to abide by a strict curfew, submit to regular reporting to Pretrial Services, and have no

3
4  contact with co-defendants, witnesses, or alleged victims outside the presence of counsel.

5      These are the kinds of conditions courts in this District impose every day in

6  complex fraud and conspiracy cases. They fully address the Government's concerns

7
8  about appearance and community safety. The BRA requires only reasonable assurance,

9  not a guarantee, that a defendant will appear and comply. *Motamedi*, 767 F.2d at 1407.

10 On this record—where family support is substantial, non-custodial supervision is

11
12 available, and Mr. Zhang has already demonstrated successful compliance with prior

13 court supervision—detention is neither necessary nor lawful.

14                              **CONCLUSION**

15
16     The detention order cannot stand. It rests on factual omissions, legal misstatements,

17 and an inversion of the BRA's presumption of liberty. The Government has not carried

18
19 its burden to show that no condition or combination of conditions will reasonably assure

20 appearance or community safety.

21 //

22 //

23
24 //

25     Accordingly, Mr. Zhang respectfully requests that this Court set reasonable bail

26 and release him under appropriate conditions.
27

28

*Zhang's Reply to Government's Supplemental for Detention,*
United States v. Zhiyi Zhang (18), No. 25-CR-1765-TWR

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELCORTEZ.COM

Dated:  September 1, 2025.            Respectfully submitted,

/s/ *Ezekiel E. Cortez*
Ezekiel E. Cortez
Attorney for Zhiyi Zhang (18)

LAW OFFICE OF EZEKIEL E. CORTEZ
WWW.EZEKIELECORTEZ.COM

10

*Zhang's Reply to Government's Supplemental for Detention,*
United States v. Zhiyi Zhang (18), No. 25-CR-1765-TWR